IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. _____ |
| EDDIE'S SERVICE STATION, INC., and GERALD OSWALD, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

The United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Eddie's Service Station, Inc., and Gerald Oswald ("Defendants"), for the discharge of pollutants into waters of the United States in Putnam County, Missouri, without authorization by the United States Department of the Army, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2. In this action, the United States seeks (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of the Environmental Protection Agency, to restore and/or mitigate the damages caused by their

unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Western District of Missouri pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the Defendants conduct business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Missouri pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Defendant Gerald Oswald is a private individual residing at 22994 Highway 98, Boonville, MO, 65223.

8. Defendant Eddie's Service Station, Inc. is a corporation organized under the laws of Missouri with a business address of 22994 Highway 98, Boonville, MO, 65233.

9. At all times relevant to the Complaint, one or more of the Defendants either owned, leased or otherwise controlled the real property that is the subject of this Complaint and/or otherwise controlled the activities that occurred on such property.

## STATUTORY BACKGROUND

10. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, inter alia, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

11. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Corps to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

12. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

13. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, sand and cellar dirt.

14. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

15. 33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all inter-state waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

16. 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

17. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

18. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

19. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

20. CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

## **GENERAL ALLEGATIONS**

21. From June 2003 through October 2003, one or more of the Defendants and/or persons acting on their behalf, discharged dredged or fill material into waters of the United States without a permit under CWA section 404 at a parcel of real property in Putnam County, Missouri owned by Defendant Eddie's Service Station, Inc. (hereinafter referred to as the "Subject Property").

22. The dredged or fill material that one or more of the Defendants and/or persons acting on their behalf, caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

4

23. One or more of the Defendants and/or persons acting on their behalf used mechanized land-clearing and earth-moving equipment to accomplish the discharges of pollutants at the Subject Property. This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

24. One or more of the Defendants and/or persons acting on their behalf discharged pollutants into an unnamed tributary of Barber Creek (the "Unnamed Tributary"). Both the Unnamed Tributary and Barber Creek itself are relatively permanent flowing waters of the United States.

25. The Unnamed Tributary, either alone or in combination with similarly situated waters in the region, significantly affected the chemical, physical and biological integrity of traditionally navigable waters.

26. The discharge of pollutants into the Unnamed Tributary occurred in the course of the construction of an earthen dam, approximately 950 feet long and 42 feet high. The impoundment of water by the dam resulted in a man-made lake with a surface area of approximately 105 acres, covering parts of six tributaries of Barber Creek.

27. Reduced stream flow below the earthen dam significantly affected the chemical, physical and biological integrity of traditional navigable waters.

28. Barber Creek is a tributary of Medicine Creek. Medicine Creek is a relatively permanent flowing water of the United States.

29. Medicine Creek is a tributary of the Grand River. The Grand River is a traditional navigable water of the United States, which is currently used, was used in the past, or may be susceptible to use in interstate or foreign commerce.

30. The Grand River flows into the Missouri River. The Missouri River is a traditional navigable water of the United States, which is currently used, was used in the past, or may be susceptible to use in interstate or foreign commerce.

31. At all times relevant to this Complaint, the Unnamed Tributaries, Barber Creek, Medicine Creek, the Grand River and the Missouri River each constituted "waters of the United States" and "navigable waters" under CWA section 502(7), 33 U.S.C. § 1362(7).

32. Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

33. Defendant Eddie's Service Station, Inc. and Defendant Gerald Oswald owned, leased or otherwise controlled the land on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

34. Defendant Gerald Oswald conducted, contracted for, supervised and/or otherwise controlled the unauthorized activities described in this Complaint.

35. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

36. Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States at the Subject Property.

37. Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

38. Unless enjoined, Defendants are likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in the Unnamed Tributary and other waters of the United States at the Subject Property in violation of CWA section 301, 33 U.S.C. § 1311.

## COUNT I

39. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 39.

40. Between June and October 2003, one or more of the Defendants and/or persons acting on their behalf discharged dredged or fill material in and around the Subject Property, located in Putnam County, Missouri.

41. The Unnamed Tributary and Barber Creek are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder.

42. Defendants' activities were not authorized by a permit issued by the Corps pursuant to CWA § 404(a); 33 U.S.C. § 1344(a).

44. Defendants have previously signed tolling agreements, providing that the period between April 30, 2008, and October 31, 2010, will not be included in calculating any period of limitations that may apply to this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

7

That the Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

That the Defendants, or any combination thereof, be enjoined to undertake measures, at Defendants' own expense and at the direction of the Environmental Protection Agency, to effect complete restoration of waters of the United States at the Subject Property and to conduct off-site mitigation for irreversible environmental damage, as appropriate;

That the Defendants be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

That the United States be awarded costs and disbursements in this action; and

That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

BY: */s/ David Gunter*
DAVID GUNTER
Trial Attorney
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3785 (tel.)
(202) 514-8865 (fax)
David.Gunter2@usdoj.gov

Dated: October 29, 2010